# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY WILLIAMS, | Civil Action No. 20-413 (SDW) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| BRUCE DAVIS, et al., | |
| Respondents. | |

**IT APPEARING THAT:**

1. On or about January 13, 2020, Petitioner, Gregory Williams, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he sought to challenge his state court conviction and sentence. (ECF No. 1). Petitioner thereafter filed an amended petition. (ECF No. 3). In his amended petition, Petitioner raises numerous claims including a number of claims of ineffective assistance of counsel. (*Id.*). These ineffective assistance of counsel claims include a claim that counsel failed to properly request a cross-racial identification charge, that counsel failed to question the victim on his cross-racial identification, that counsel failed to investigate the victim's history and cross examine him fully, that counsel failed to find credibility issues with which to challenge the victim's testimony, that counsel improperly permitted his co-counsel to act as lead following a personal tragedy, that counsel failed to ensure co-counsel was properly prepared and co-counsel did not properly prepare, and that counsel failed to "secure" and subpoena a witness to testify at trial who he believes would have testified that the victim failed to tell her he had been robbed. (*Id.* at 26-27).

2. Following an order to answer, Respondents filed a response to Petitioner's habeas petition. (ECF No. 9). In that response, Respondents argue that Petitioner's habeas petition has

1

not been properly exhausted as he raised only one of his numerous ineffective assistance of counsel claims on appeal from the denial of his post-conviction relief (PCR) petition. (*Id.*).

3. On December 7, 2020, Petitioner filed a reply. (ECF No. 10). In his reply, Petitioner does not request that this matter be stayed or that he be permitted to withdraw his apparently unexhausted claims, but instead asserts that he believes that he "raised [his claims] at the state level [and] unfortunately the State courts did not choose to address the issues on the merits" and that his claims should be considered exhausted and he should be permitted to proceed with all of his habeas claims. (*Id.* at 14).

4. A habeas petition challenging a state court conviction pursuant to 28 U.S.C. § 2254 "cannot proceed unless all meritorious claims have been exhausted in state court." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014); *see also Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted). A claim is not "fairly presented" sufficient to satisfy the exhaustion requirement where some available process remains and the

claim was only presented to the state appellate courts "in a procedural context in which its merits will not be considered." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). As the exhaustion rule requires a habeas petitioner to afford the state courts the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief, a habeas petition challenging a New Jersey judgment of conviction must fairly present each alleged federal ground for relief raised in his habeas petition to all three levels of the New Jersey state courts – the Law Division, Appellate Division, and New Jersey Supreme Court. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982); *Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at *1-3 (D.N.J. March 10, 2015).

5.  In his state court proceedings, Petitioner initially attempted to raise vague claims asserting counsel's ineffectiveness on direct appeal in his pro se supplemental brief. (*See* Document No. 3 attached to ECF No. 9 at 91-99). The Appellate Division, however, declined to address these poorly defined ineffective assistance claims on direct appeal as New Jersey law generally requires such claims be raised in a PCR petition. (*See* Document 6 attached to ECF No. 9 at 28). After his petition for certification was denied, Petitioner raised at least some of the ineffective assistance of counsel claims discussed above in his PCR petition. (*See* Document 12 attached to ECF No. 9 at 33). When his PCR petition was denied, Petitioner filed an appeal of the denial of his petition. (*See* Documents 11 and 12 attached to ECF No. 9). In that appeal, however, Petitioner raised only a single claim – that the PCR trial court erred in denying him an evidentiary hearing as to his claim that counsel failed to cross examine the victim as to his cross-race identification. (*Id.*; *see also* Document 14 attached to ECF No. 9, App. Div. Opinion, at 2, noting that Petitioner presented "a single argument" on appeal). When Petitioner eventually filed a

petition for certification following the affirmance of the denial of his PCR petition, Petitioner again raised that same claim only. (*See* Document 15 attached to ECF No. 9).

6. As Petitioner's pro se supplemental appellate brief raised ineffective assistance claims only in a context where their merits would not be considered, that brief did not exhaust any of Petitioner's current ineffective assistance claims. *See Castille*, 489 U.S. at 351. Likewise, because Petitioner raised only one of his many ineffective assistance claims to all three levels of the state courts during his PCR litigation, he exhausted only that single claim – that counsel failed to cross-examine the victim as to his cross-race identification. Petitioner's remaining ineffective assistance of counsel claims are therefore unexhausted as they were never raised to the attention of the New Jersey appellate courts in a context in which their merits would be addressed. *Ragland*, 2015 WL 1035428 at *1-3; *see also Castille*, 489 U.S. at 351. As Petitioner's amended petition contains both exhausted and unexhausted claims, this Court is therefore faced with a mixed petition.

7. Where a District Court is faced with a habeas petition that contains unexhausted claims, the District Court has four options: "(1) dismiss the petition without prejudice; (2) stay the proceedings and hold them in abeyance until the claims are exhausted; (3) allow [Petitioner] to delete his unexhausted claims [and proceed on any exhausted claims presented in the petition]; and (4) deny the petition if [the District Court] found all of [Petitioner's] unexhausted claims to be meritless under § 2254(b)(2)." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014) (citing *Rhines v. Weber*, 544 U.S. 269, 274-78 (2005)). Because Petitioner has failed to develop a full record as to his unexhausted claims and the state appellate courts have yet to have an opportunity to address those claims, this Court cannot, at this time, reach the merits of Petitioner's many unexhausted claims. As Petitioner has chosen not to withdraw any of his claims after the exhaustion issue was raised to his attention by Respondents, and instead chose in his reply to

4

continue to pursue all of his unexhausted claims, and as Petitioner has failed to request let alone show his entitlement to a stay of this matter pending attempts to exhaust his unexhausted claims, this Court is left with only one option – to dismiss his habeas petition without prejudice as an unexhausted mixed petition. *Mallory*, 563 F. App'x at 215. Petitioner's habeas petition is therefore dismissed without prejudice.

8. Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's petition is an unexhausted mixed petition and that Petitioner's habeas petition should be dismissed without prejudice as a result, Petitioner's habeas petition is inadequate to deserve encouragement to proceed further at this time, and Petitioner must be denied a certificate of appealability.

9. In conclusion, Petitioner's amended petition for a writ of habeas corpus (ECF No. 3) shall be **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion, and Petitioner shall be **DENIED** a certificate of appealability.  An appropriate order follows.


Dated: May 27, 2021

*s/Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge